**SIGNED.**

Dated: September 12, 2008



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| GREGORY A. FRIEDMAN and JUDITH MERCER-FRIEDMAN, | No. 4:07-bk-02135-JMM |
| Debtors. | Adversary Proceeding #: 4:08-ap-00134-JMM |
| GREGORY A. FRIEDMAN and JUDITH MERCER-FRIEDMAN, | **MEMORANDUM DECISION** |
| Plaintiffs, | |
| vs. | |
| P+P, LLC, | |
| Defendants. | |

This matter came before the court on September 10, 2008, on creditor P+P, LLC's motion for stay relief, and upon the Debtors' complaint against P+P, LLC. After consideration of the law, the testimony and the exhibits, as well as the relevant administrative proceedings herein, the court's decision is to grant stay relief and to dismiss the Debtors' complaint against P+P, LLC.

# DISCUSSION

## A. Stay Relief

The Debtors are individuals, who reside in Arizona City, Arizona (Petition, Dkt. #1). Their principal business involves the sale and delivery of high-speed internet services to rural parts of Arizona.

The property at issue here is a residential unit, located in Breckenridge, Colorado. The Debtors rent this property, on a seasonable basis, but the revenues from the rentals are only sufficient to cover maintenance costs, and do not generate sufficient cash flow to service either debt against the property, or to pay its real property taxes.

The property is not a necessary part of the Debtors' principal business, and is retained in the Debtors' portfolio only as a long-term investment.

According to the Debtors' schedules, and the agreed facts, the Breckenridge property has a fair market value of $750,000 (Ex. 15). The uncontested liens against the property, again according to the schedules, and as of the date of filing, are:

| | |
|---|---|
| 1st position - Washington Mutual Home Loans[1] | $578,000 |
| 2nd position - P+P, LLC[2] | 556,000 |
| Real property taxes[3] | 5,700 |
| Julian Daknis Painting[4] | 2,500 |
| | |

---

[1] Washington Mutual filed a proof of claim for $565,606.65 (Ex. 12).

[2] The P+P, LLC proof of claim noted that it was secured up to $300,00, and any balance was unsecured.

[3] These are listed as disputed in the schedules (*see* Ex. 22). The county filed a proof of claim for $8,692.79 and $1,257.06 (Ex. 23 and Ex. 25), reflecting unpaid taxes for 2005, 2006 and 2007.

[4] The Debtors disputed this debt, checking that box in their schedules.

By any measure, the liens exceed the property's value, resulting in no equity for the Debtors (Ex. 22). Thus, the first prong of 11 U.S.C. § 362(d)(2) is satisfied.

In every § 362(d)(2) proceeding, the court must determine whether a particular parcel of secured property is "necessary to an effective reorganization." Two concepts are inherent in this statutory clause. The first is necessity, and the second is not only whether a debtor can be reorganized, but whether that reorganization will be effective.

As the U.S. Supreme Court has noted, individuals are eligible debtors under chapter 11, *Toibb v. Radloff*, 501 U.S. 157, 161, 111 S.Ct. 2197, 2199, 115 L.Ed.2d 145 (1991), although chapter 11 is more traditionally used in the case of an ongoing business. Here, assuming that the Debtors' business is providing internet service directly to customers, that business is "portable," according to Mr. Friedman. The residential property in Colorado is not crucial to that business' survival, in any meaningful way.

Thus, as to whether this property is necessary to an effective reorganization, the court finds that it is not. The Breckenridge property brings no value to the Debtors' internet business, is over-encumbered, and since the Debtors reside in Arizona, it provides them no shelter that requires its retention in their estate. It is, therefore, nothing more than an expensive luxury which the Debtors do not need, and cannot financially afford, in order to make their individual chapter 11 case succeed. It is therefore not necessary for an "effective" reorganization, and P+P, LLC has satisfied this second prong of its burden under § 362(d)(2).

The court also finds that the Debtors cannot effectively reorganize, should they retain it, and once more begin paying debt service and taxes on the Breckenridge property. No pro forma or projections of such payments' feasibility was presented by the Debtors at the hearing. Thus, the court has no evidence before it to show that the Debtors' plan would be feasible if they keep the Breckenridge property. In all likelihood, the Breckenridge debt will drag them down. They are better off letting it go and gaining a fresh start..

Thus, the court must conclude that P+P, LLC satisfied the second prong of § 362(d)(2), and that the Breckenridge property is not necessary to an effective reorganization of the Debtors' financial affairs.

Finally, the court also concludes and finds that "cause" exists to life the stay under 11 U.S.C. § 362(d)(1), for several reasons. Since the filing of this bankruptcy case on October 26, 2007, no payments have been made to either of the secured lenders on the property (Washington Mutual and P+P, LLC), or to the Summit County Treasurer for real property taxes. Although Mr. Friedman testified that he had been willing to make partial payments to Washington Mutual, that creditor had refused to accept them. However, the file does not reflect that the Debtors took any affirmative steps, by seeking court approval, to require Washington Mutual to accept and apply any partial payments. Thus, the only relevant fact is that no payments were made, during the bankruptcy case, on the Washington Mutual debt. Nor has P+P, LLC received adequate protection payments since the case began, and its collateral's value is diminishing, by virtue of accruing interest, fees and charges in favor of the senior lienholders, Washington Mutual and Summit County. This erodes P+P, LLC's collateral. The Debtors have suffered no risk through such non-payment, and have shifted it all to their secured creditors. This is inequitable, and has resulted in less than positive progress in this case.

The court also notes that although the Debtors have been in chapter 11 proceedings for almost 11 months, no reorganization plan has yet been confirmed (Ex. 11). Mr. Friedman testified that he intended to restructure both Washington Mutual's and P+P, LLC's debts in the reorganization proceedings, and pay off $750,000 (the value of the property), plus interest, over time. But he also stated that if an undersecured creditor, such as P+P, LLC, elected to be treated as fully secured under § 1111(b)(2), he would be unwilling to pay creditors secured by the property. As no agreement has been reached on that issue, and since the time to make such election has not passed,[5] the Debtors' willingness to pay only up to $750,000, under the best of circumstances, is--as yet--only half of the story. Too much time has already passed to allow the Debtors more time to hold their secured creditors at bay. It is time to shift the burden of true performance to the Debtors, not their creditors.

Thus, P+P, LLC has also satisfied its burden and has provided that it is entitled to relief for "cause" under § 362(d)(1).

---

[5] A creditor has until approval of the disclosure statement to make such election. FED. R. BANKR. P. 3014.

## B. The Adversary Proceeding

The Debtors, in their complaint, seek to relitigate, in this bankruptcy case, their contention that they do not owe P+P, LLC the amount that such creditor claims is owed to it. In so doing, they maintain that P+P, LLC has no lien on the Breckenridge property.

P+P, LLC holds a final Colorado judgment against the Debtors for $978,350.66, plus fees, costs and accruing interest (Ex. A-1). That same judgment recognized P+P, LLC's lien against the Breckenridge property as valid, enforceable and subject to foreclosure.

The parties are currently litigating in Colorado's District (state) Court, wherein the Debtors are attempting to set that judgment aside. This court cannot collaterally review a final order of a state court. This is the essence of the *Rooker-Feldman* doctrine. *See, e.g., Lance v. Dennis*, 546 U.S. 459, 463, 126 S.Ct. 1198, 1201, 163 L.Ed.2d 1059 (2006) ("[U]nder what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments); *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858-59 (9th Cir. 2008); *In re Roussos,* 251 B.R. 86, 95 (9th Cir. BAP 2000), *aff'd mem.*, 33 Fed. Appx. 365 (9th Cir. April 24, 2002) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Dist. of Col. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)). In addition, the Debtors' attempts to have this court re-decide the same *res judicata* issues is an impermissible collateral attack on a final state court judgment. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 313, 115 S.Ct. 1493, 1501, 131 L.Ed.2d 403 (1995) ("We have made clear that [i]t is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decisions are to be respected.") (internal quotation marks omitted) (alteration in original); *cf. Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1136 (9th Cir. 2001) (*res judicata* does not operate to bar *direct* review of a prior judgment).

From this point forward, all issues regarding the propriety of that judgment must occur in the state courts of Colorado. The Debtors' case in adversary no. 4-08-ap-134 must, therefore, be dismissed in favor of those state court proceedings, for all of the reasons stated above.

## **CONCLUSION**

Grounds for stay relief, pursuant to §§ 362(d)(1) and (d)(2), have been proven by a preponderance of the evidence, and thus P+P, LLC's motion will be granted.

In addition, Plaintiff's complaint in adversary no. 4-08-ap-134 will be dismissed, with prejudice. Separate orders will issue. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.



COPIES served as indicated below
on the date signed above:

Scott D. Gibson
Kristen M. Green
Attorneys for Debtors/Plaintiffs

Maureen P. Henry
Attorneys for P+P, LLC

Duncan E. Barber
Julie Trent
Attorneys for P+P, LLC

Larry Lee Watson
Office of the U.S. Trustee